

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. P. Gibbs, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:          Attention: Mr. Vestal Lemmon

Opinion No. O-3104
Re: Do the provisions of the
T. I. A. Form 81-B (Jack
Pinkston, agent) violate
the provisions of Sections
7 and 8, Article 4682b,
Vernon's Annotated Civil
Statutes?

Your recent request for an opinion of this department upon the above stated question has been received.

We quote from your letter as follows:

"We are submitting herewith a photostatic copy of T.I.A. Form No. 81-B.

"Section (1) of this form provides that Jack Pinkston, acting either individually or through his attorneys, will perform certain duties in behalf of the individual or concern filing an application with the Interstate Commerce Commission for a certificate or permit. For this service, it is agreed that Jack Pinkston will receive the sum of 5% of the gross earnings of the trucking operations for the life of the certificate or permit.

"Section (2) provides in substance that if the individual or concern, entering into the contract, places his or their insurance with Jack Pinkston, then and in that event, the provisions of Section (1) become inopera-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

tive duri g such time as the insurance is carried.

"Jack Pinkston is auth rized by the Board of Insurance Commissioners to act as an agent in the solicitation and the writing of fire and casualty insurance in the State of Texas.

"We respectfully request your opinion as to whether the provisions of the attached form are in violation of the provisions of Sections 7 and 8 of Article 4682b, Revised Civil Statutes."

The above mentioned form reads as follows:

"STATE OF __TEXAS__ |

COUNTY OF __NOLAND__ |

"KNOW ALL MEN BY THESE PRESENTS:

"(1) That I, __GUS RIGSBY__ of __106 Elm St. Sweetwater__, Texas, for and in consideration of certain services rendered and to be rendered me by Jack Pinkston, acting either individually or through his attorneys, agents or other employees--To Wit: Securing and furnishing me with full information regarding the laws, rules and regulations pertaining to my operation; furnishing me with all blanks, forms and materials necessary to filing an application with the Interstate Commerce Commission for a certificate or permit; preparing all such papers for filing and filing the same; advising me regarding the type of testimony required and assisting me with the preparation of the same; furnishing me with competent representation at my hearing and keeping me fully advised at all times as to developments in connection therewith; and performing whatever other services and assisting me to whatever extent may be

necessary in obtaining a certificate or permit from the said Interstate Commerce Commission and servicing same for the life of said certificate or permit -- I do hereby covenant and agree to pay to the said Jack Pinkston, at his office in Dallas, Texas or elsewhere as he may designate, the sum of 5% per year of the gross earnings from my trucking operations, for the life of said certificate or permit.

"(2) It being expressly provided, however, that if I elect to place such and all such insurance as is or will be required by the Interstate Commerce Commission covering my operations under said certificate or permit through whatever channels may be designated by the said Jack Pinkston, then and in that event Paragraph (1) of this contract shall become inoperative during such time and only during such time as my insurance is so carried. In this event, I hereby authorize the said Jack Pinkston to prepare and sign for me any and all such data and necessary forms in connection with the handling of such insurance. All premiums accruing under such insurance shall be payable at the office of Jack Pinkston in Dallas, Texas or elsewhere as may be designated by the said Jack Pinkston.

"(3) That I have made, constituted and appointed and by these presents do make, constitute and appoint JACK PINKSTON of Dallas, Dallas County, Texas, my true and lawful attorney for me in my name, place and stead, to prepare and sign for me any and all data and necessary forms in connection with my application for a certificate or permit to operate as a motor carrier under the Interstate Commerce Commission, and to prepare and submit any and all such data relating to any such certificate or permit or any changes which may be necessary to make in such certificate or permit, and to do any

441

and every act and exercise any and every power that I might or could do or exercise through any other person, that he shall deem proper or advisable in connection with such certificate or permit.

"I hereby bind myself, my heirs, executors, administrators and assigns to fulfill this contract and agreement as above stipulated.

"Witness my hand on this, the 20th day of _November_, A.D. 1940.

_____

BY _____
Title

"STATE OF TEXAS
COUNTY OF NOLAN.

"Before me, the undersigned authority, on this day personally appeared GUS RIGSBY, personally known to me, and being first duly sworn, upon oath, deposes and says that he has carefully examined all of the stipulations, condition and agreements set forth above; that he fully understands the same and acknowledged to me that he has executed this contract for and in consideration of the stipulations therein contained.

"Witness my hand and seal of office this the 20th day of November 19 40.

Notary Public Nolan County Texas.

T.I.A. Form Nol 81-B"

Sections 7 and 8 of Article 4682b, Vernon's Annotated Civil Statutes, read as follows:

"Sec. 7. It shall be unlawful for any insurer, as defined in this Act, or

Honorable J. P. Gibbs, Page 5

its officers, directors, general agent, State
agents, special agents, local agents or
other representatives, to grant to or con-
tract with insured for any special favor or
advantage in dividends or other profits, or
any commissions or divisions of commissions
or profits to accrue thereon, or any com-
pensation or any valuable consideration not
specified in the policy contract, or any
inducement not specified in the policy
contract, for the purpose of writing the
insurance of any insured. Nothing in this
Section, however, shall be construed to
prohibit an insurer from sharing its profits
after the same have been earned with its
policy holders under and in accordance with
an agreement as to such profit sharing con-
tained in its policy contract. Any profit
sharing under any policy with insured shall
be uniform as between such insured, and
shall consist only and solely of an equitable
distribution under and in accordance with
the terms of the policy of earnings between
such insured, and no such insurer shall dis-
criminate in any distribution of profits
between insured of a class, and no classes
for such distribution shall be made or es-
tablished except on the approval of the
Commissioner. No part of any profit shall
be distributed to any insured under any
such policy until the expiration of the
policy contract. Any violation of the terms
of this Section shall constitute unjust
discrimination and shall constitute rebat-
ing, and shall be sufficient grounds for
the revocation of the permit of the insurer
or of the license of the agent being guilty
of such unjust discrimination and rebating.

"Sec. 8. No insurer coming within the
terms of this Act shall, in its business in
this State, make or permit any distinction
or discrimination in favor of the insured
having a like hazard, in the matter of the
charge of premiums for insurance, or in
dividends or other benefits payable under

443

any policy, nor shall any such insurer or
agent make any contract of insurance, or
agreement as to such insurance, other than
expressed in the policy, nor shall any
such insurer or its agents or representa-
tives pay, allow or give, or offer to pay,
allow or give, directly or indirectly, as
an inducement to insured, any rebate pay-
able upon the policy or any special favor
or advantage in dividends or other bene-
fits to accrue, or anythingoof value what-
soever, not specified in the policy; pro-
vided that nothing in this Act shall be
construed to prohibit the modification of
rates by an experience rating plan designed
to encourage the prevention of accidents
and to take account of the peculiar hazards
of individual risks, provided such plan
shall have been approved by the Commis-
sioner; and provided further that only one
such plan shall be approved for each form
of insurance hereunder."

We believe that the offer to perform and render
all of the services mentioned in the first paragraph of the
above quoted form without making the charge for such ser-
vices as specified therein, provided the insured agreed
to place all insurance as is or will be required of him
by the Interstate Commerce Commission covering his opera-
tions under his certificate or permit, through whatever
channels as may be designated by the party performing
the above mentioned services is a consideration and in-
ducement not specified in the policy contract, for the
purpose of writing the insurance of the insured. There-
fore, it is our opinion that the provisions of the above
mentioned form are in contravention and violate Section 7
of Article 4682b, Vernon's Annotated Civil Statutes.

Trusting that the foregoing fully answers your
inquiry, we are

APPROVED FEB 7, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:GO

APPROVED
OPINION
COMMITTEE
BY *BWR*
CHAIRMAN